FILED

2005 Nov-22  PM 01:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

MILES MATHIS, a minor, by and   }
through his mother and next     }
friend, LISA WORTHINGTON,       }
                                }   CIVIL ACTION NO.
     Plaintiff,                 }   04-AR-0973-M
                                }
v.                              }
                                }
PELL CITY BOARD OF EDUCATION,   }
et al.,                         }
                                }
     Defendants.                }

**MEMORANDUM OPINION**

The court has before it the motion for summary judgment filed by defendants, Pell City Board of Education, Dr. Bobby Hathcox, Michael Barbour, Bob McCool, Phil Michael, Eric Hicks, J.T. Carter, David Murphy, Mike Price, Norman Wilder, Amanda Wyatt, and Donnie Guinn. Plaintiff, Miles Mathis ("Mathis"), brings two claims. Count One alleges a violation of Mathis' right to attend public school, invoking Article XIV § 256 of the Alabama Constitution. Count Two alleges a violation of Mathis' substantive due process rights, invoking the Fourteenth Amendment to the U.S. Constitution. For the reasons hereinafter stated, and not because plaintiff has not responded to defendants' Rule 56 motion, that motion is due to be granted.

***Facts***[1]

Mathis was a student at Pell City High School during the 2002-2003 academic year. Mathis was observed by a teacher, Amanda Wyatt, receiving from another student two packages containing illegal drugs. Because drug possession violates Pell City High School's Code of Student Conduct, the school began disciplinary proceedings against Mathis. Mathis was given notice of the charge against him, and the opportunity to respond to that charge; an administrative appeal, where he was represented by counsel; review of the administrative hearing officer's recommendation by the Superintendent, defendant, Bobby Hathcox; and a full, final appeal before the Board of Education,[2] where he was again represented by counsel. Upon exhaustion of the appellate process, Mathis was expelled.

***Analysis***

**I.    Alabama Constitution**

The plain language of Article XIV § 256 of the Alabama Constitution denies the existence of a constitutional right to

---

[1] Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). In assessing whether the movant has met its burden, the court must view the evidence, and all inferences drawn therefrom, in the light most favorable to the non-movant. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913, 918 (11th Cir. 1993).  In accordance with this standard, this statement of facts includes both undisputed facts and, where there is a dispute, the facts according to the non-movant's evidence, and the legitimate inferences therefrom.

[2] The members of the Board of Education are defendants, Eric Hicks, J.T. Carter, David Murphy, Mike Price, and Norman Wilder.

public education in Alabama. Alabama courts are in accord. *See, e.g.*, *Mitchell v. McCall*, 273 Ala. 604, 606 (1962). In fact, Alabama courts give great deference to school board disciplinary decisions, holding that school boards and officials retain the "inherent authority to expel students when necessary to maintain order and discipline in the schools." *Scoggins v. Henry County Bd. of Educ.*, 549 So. 2d 99, 101 (Ala. Civ. App. 1989) (citing *Adams v. City of Dothan Bd. of Educ.*, 485 So. 2d 757, 759 (Ala. Civ. App. 1989)). Therefore, this court "will not review or revise school board disciplinary actions except in the rare case where there is a shocking disparity between the offense and the penalty." *Scoggins*, 549 So. 2d at 101. This is not that rare case. That a student would be expelled from school for possessing illegal drugs on campus does not constitute a shocking disparity between the offense and the penalty. To hold that Mathis' state law claim survives summary judgment would vitiate the school's ability to ensure a safe and productive learning environment for its students. Summary judgment will therefore be granted on Mathis' claim under the Alabama Constitution.

## II.  U.S. Constitution

The Fourteenth Amendment's guarantee of substantive due process protects fundamental rights from infringement by a state actor. *McKinney v. Pate*, 20 F.3d 1550, 1555 (11th Cir. 1994) (citing *Palko v. Connecticut*, 302 U.S. 319, 325, 58 S. Ct. 149,

152 (1937)). However, the Eleventh Circuit does not recognize the right to attend public school as a fundamental right guaranteed by the U.S. Constitution. *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 35, 93 S. Ct. 1278, 1297 (1973). Therefore, since the decision to expel a student from public school is an "executive decision" as defined in *McKinney*, 20 F.3d at 1557 n.9, the expulsion does not run afoul of the U.S. Constitution "so long as the elements of procedural--not substantive--due process are observed." *Id.* at 1556; *see also DeKalb Stone, Inc. v. County of DeKalb, Ga.*, 106 F.3d 956, 960 (11th Cir. 1997). Mathis does not claim, nor can he claim, that he was denied proper procedural protections. The lengthy administrative process followed by defendants provided all of the process that was due, and then some. Summary judgment will be granted as to Mathis' claim under the Fourteenth Amendment.

### *Conclusion*

In accordance with the foregoing, defendants' motion for summary judgment will be granted by separate order.

DONE this 22nd day of November, 2005.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE